(953 P.2d 689)

No. 76,701

GORDON E. GROSS, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed February 6, 1998.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ann L. Smith*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., PIERRON and MARQUARDT, JJ.

KNUDSON, J.: Gordon E. Gross appeals from the district court's denial of his motion requesting sentence modification under K.S.A. 21-4724 of the Kansas Sentencing Guidelines Act (KSGA). Gross argued unsuccessfully before the district court that his aggravated battery conviction should be classified as a severity level 7 offense rather than a severity level 4 offense, thus making him eligible for modification of sentence.

We affirm.

In 1990, Gross was charged with attempted first-degree murder and felony theft after he stabbed a man in the chest numerous times and took the victim's car. A preliminary hearing was held, and Gross was bound over for trial on both charges. Pursuant to a plea agreement, an amended Information was filed charging Gross with aggravated battery and felony theft; the attempted first-degree

murder charge was dropped. In the amended Information, the aggravated battery charge read: "GORDON E. GROSS, did then and there willfully, wrongfully, unlawfully and feloniously touch or apply force to the person of Kenny George, Rural Route 2, Cherryvale, Montgomery County, Kansas, with intent to injure said person or another, which was done with a deadly weapon to-wit: a filet knife."

Gross pled no contest to both charges, and consecutive terms of imprisonment were imposed by the district court.

The Department of Corrections, in its guidelines report, concluded Gross' aggravated battery conviction was comparable to a severity level 4 aggravated battery conviction and, therefore, he was not eligible for modification of sentence under K.S.A. 21-4724. Gross challenged the report by filing this motion pursuant to K.S.A. 60-1507. After appointment of counsel and hearing, the district court concluded the aggravated battery conviction was correctly categorized as a severity level 4 offense and that Gross was not eligible for sentence modification.

Gross maintains, on appeal, that the district court erred; the aggravated battery conviction should be classified as a severity level 7 offense, not a severity level 4 offense.

In determining whether to modify a sentence under the KSGA for a crime committed prior to July 1, 1993, the court is to look at the actual conduct committed and to apply that conduct to an analogous crime under the KSGA. See *State v. Fierro*, 257 Kan. 639, 651, 895 P.2d 186 (1995). The court may consider any uncontested information to determine the actual conduct of the offender. See *State v. Whitaker*, 260 Kan. 85, 92-93, 917 P.2d 859 (1996).

The district court in its ruling concluded that the comparable crime under the KSGA was a violation of K.S.A. 21-3414(a)(1)(A), which states aggravated battery is "[i]ntentionally causing great bodily harm to another person or disfigurement of another person," a severity level 4 offense.

Gross argues that the uncontested facts of his case establish only that he intended to injure another person and that intent to cause great bodily harm was disputed. He contends that the appropriate statutory provision is K.S.A. 21-3414(a)(1)(B), which prohibits "in-

tentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted," a severity level 7 offense.

Gross stabbed the victim six to nine times with a knife. At the plea hearing, in an effort to satisfy the district court as to Gross' criminal intent, defense counsel asked that the district court consider as part of the factual basis to support his plea, Gross' statements made during interrogation that he thought he had killed the victim and hoped that the victim would die. Subsequently, at the K.S.A. 60-1507 hearing, Gross stipulated that his acts had caused great bodily harm to the victim.

We conclude the uncontested facts and the admissions by Gross are sufficient to establish his specific intent to cause great bodily harm. However, we also have concluded Gross' specific intent is not a determinative factor as to whether there should be modification of his sentence.

Prior to its amendment in 1992, the crime of aggravated battery under K.S.A. 21-3414 was a specific intent crime. See *State v. Diaz & Altemay*, 232 Kan. 307, 311, 654 P.2d 425 (1982). This statute required not only purposeful conduct but that the act be done with the specific "intent to injure." However, K.S.A. 21-3414 now requires only that the underlying act be intentional rather than accidental; there is no longer a statutory requirement of a specific intent to injure. Under these circumstances, the State is not required to prove that Gross intended the precise harm or the result that occurred. See *State v. Mountjoy*, 257 Kan. 163, Syl. ¶ 7, 891 P.2d 376 (1995).

In reaching this conclusion, we are aware of the dicta in *State v. Whitaker*, 260 Kan. at 90-94, that implies aggravated battery is still a specific intent crime. However, in *Whitaker*, involving aggravated battery against a law enforcement officer, the Supreme Court held that the record did support the district court's finding that great bodily harm had occurred and, therefore, the crime was appropriately classified as a severity level 3 offense. 260 Kan. at 94. We are persuaded that if the issue was squarely presented to the Supreme Court, it would conclude aggravated battery is no longer a specific intent crime.

Gross admits he intentionally caused great bodily harm to the victim by repeatedly stabbing him with a knife. Because his purposeful conduct would constitute a violation of K.S.A. 21-3414(a)(1)(A), the district court did not err in its determination that Gross is not eligible for modification of sentence.

Affirmed.